UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: DUANE TOWNSEL, II,

               Debtor.

_____/

                                          Civil Case No. 16-10952

DUANE TOWNSEL, II,                   Honorable Linda V. Parker

               Appellant,

                                            Bankr. Case No. 15-50803

v.                                           Adv. Pro. No. 15-04836

                                          Honorable Thomas J. Tucker

RECON MANAGEMENT GROUP, LLC,

               Appellee.

_____/

## **OPINION AND ORDER**

       This matter is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Michigan, with the Honorable Thomas J. Tucker presiding.  Debtor and Appellant Duane Townsel, II ("Townsel") appeals Judge Tucker's decision holding that Townsel was collaterally estopped from challenging the default judgment that determined that his debt to Recon Management Group ("Recon") was nondischargeable as a debt for embezzlement.  For the reasons that follow, this Court affirms Judge Tucker's decision.

## I.     Standard of Review

The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard.  Fed. R. Bankr. P.  8013.  "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.' "  *United States v. Mathews (In re Matthews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).  The bankruptcy court's conclusions of law are reviewed de novo. *Nuvell Credit Corp. v. Westfall (In re Westfall)*, 599 F.3d 498, 501 (6th Cir. 2010). This means the Court reviews the law independently and gives no deference to the conclusions of the bankruptcy court.  *Myers v. IRS (In re Meyers)*, 216 B.R. 402, 403 (B.A.P. 6th Cir.1998).  "[I]f a question is a mixed question of law and fact, then [the reviewing court] must break it down into its constituent parts and apply the appropriate standard of review for each part."  *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993).

## II.     Factual and Procedural Background

This bankruptcy matter arises from Townsel's conviction of embezzlement in November 2002 before the Wayne County Circuit Court.  (ECF No. 6 at Pg ID 328.)  Townsel was convicted of embezzlement for taking computers and software from Lear Corporation.  (ECF No. 5 at Pg ID 315.)  On January 8, 2003, he was

2

sentenced to probation for three years, required to pay $500 per month in restitution or prison, and serve 50 hours of community service. (ECF No. 3 at Pg ID 160.) Townsel was discharged from probation on September 19, 2006. (*Id.* at Pg ID 162.) While Townsel had not yet completed his restitution payments, the Wayne County Circuit Court stated that restitution could be collected in a civil action. (*Id.*) Recon provided security for Lear Corporation when Townsel stole the computers and software. (*Id.* at Pg ID 234.) Recon subsequently chose to pay Lear the amount of the property stolen. (*Id.*)

On August 22, 2007, Recon Management Group LLC filed suit against Townsel to recover the unpaid restitution amounting to $57,231.00 in the Wayne County Circuit Court. (*Id.* at Pg ID 164-67.) In the complaint, Recon stated that "[Townsel] was ordered to pay restitution to Plaintiff pursuant to his felony criminal conviction in Wayne County Circuit Court, Case 02-012003 People v. Townsel, in the amount of $65,171.00 on 1-8-07." (*Id.* at Pg ID 166.) After Townsel failed to answer the state court complaint, the Wayne County Circuit court entered a true default judgment in favor of Recon. (*Id.* at Pg ID 169.) The default judgment, entered on November 16, 2007, amounted to $57,231 in damages and $150 in costs. (*Id.*)

On July 17, 2015, Townsel filed a petition for Chapter 7 bankruptcy. (*Id.* at Pg ID 171-209.) Recon filed an adversary complaint to have its debt excepted

3

from the discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).  (*Id.* at Pg ID

13.)  Recon argued that Townsel was collaterally estopped from relitigating any

issue related to the default judgment and therefore, his debt to Recon was excepted

from discharge.  In the Complaint, Recon stated that "[o]n January 8, 2007,

Defendant [Townsel] was ordered to pay restitution to Plaintiff pursuant to his

felony conviction for embezzlement in the Wayne County Circuit Court, Case No.

02-012003, People v. Townsel, in the amount of $65,171.00." (*Id.*)  In response,

Townsel argued that collateral estoppel did not apply because the issue of

embezzlement was not alleged on Recon's state court complaint.  (*Id.* at Pg ID

245.)

In an order entered on March 9, 2016, Judge Tucker determined that

Townsel's debt to Recon, as a result of the state court default judgment entered in

2007, is nondischargeable as a debt for embezzlement under 11 U.S.C. § 523(a)(4).

11 U.S.C. § 523(a)(4) provides that:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of
> this title does not discharge an individual debtor from any debt—
>     (4) for fraud or defalcation while acting in a fiduciary capacity,
> embezzlement, or larceny[.]

Judge Tucker relied on the word "embezzlement" within the bankruptcy code to

determine whether the issue was actually litigated.  In particular, Judge Tucker

looked to see "whether all of the required elements for the Court to find the debt at

issue to be nondischargeable as a debt under Section 523(a)(4), were actually

4

litigated" in the 2007 proceeding.  (ECF No. 3 at Pg ID 290.)  Judge Tucker

determined that the criminal conviction of embezzlement that Townsel was

charged with in 2002 "necessarily includes all of the elements for a finding of non-

dischargeability of that debt under Section 523(a)(4) for embezzlement."  (*Id.* at Pg

ID 297.)

    After establishing that the definition of embezzlement under the statute

convicting Townsel and under the bankruptcy code are the same, Judge Tucker

turns to whether Recon incorporated the 2002 embezzlement conviction in the

case.  Judge Tucker finds that Recon does allege embezzlement by Townsel by

referencing Townsel's state court criminal embezzlement case.  (*Id.* at Pg ID 298.)

Judge Tucker ultimately finds that the default judgment necessarily determined the

elements of embezzlement based on the well pleaded allegations in Recon's

complaint.  (*Id.* at Pg ID 300.)  Therefore, the bankruptcy court found that Townsel

was collaterally estopped from challenging the default judgment.  (*Id.*)

    Townsel filed an appeal on May 16, 2016, where he argues that because the

issue of embezzlement was not actually litigated in the state court proceeding

resulting in the default judgment, he is not precluded from denying that his debt to

Recon was for embezzlement.  (ECF No. 5 at Pg ID 319.)  In response, Recon

argues that a true default judgment was entered and therefore, Townsel is

collaterally estopped from challenging the state court judgment.  (ECF No. 6 at Pg ID 330.)

## III.    Applicable Law & Analysis

"Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that proceeding."  *Leavy v. Orion Twp.*, 711 N.W.2d 438, 441 (Mich. Ct. App. 2006) (citing *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990)).  Bankruptcy courts are obligated to give a state court judgment the same preclusive effect that the courts of the state in which the judgment was entered would accord it.   *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 703 (6th Cir. 1999); *Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997).  Therefore, if a Michigan state court would give a default judgment preclusive effect, so too must a bankruptcy court.

Under Michigan law, collateral estoppel applies when the following requirements are met:

> 1) the parties in both proceedings are the same or in privity,
>
> 2) there was a valid, final judgment in the first proceeding,
>
> 3) the same issue was actually litigated and necessarily determined in the first proceeding, and

6

4) the party against whom preclusion is asserted (or its
privy) had a full and fair opportunity to litigate the issue.

*Molnar v. Care House*, 359 F. App'x 623, 626 (6th Cir. 2009) (citing *Michigan v.
Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990)).  "Under Michigan law, an issue is
'actually litigated' if it is 'put into issue by the pleadings, submitted to the trier of
fact for determination, and is thereafter determined.'"  *Phillips v. Weissert* (*In re
Phillips*), 434 B.R. 475, 486 (B.A.P. 6th Cir. 010) (quoting *Latimer v. William
Mueller & Son, Inc.*, 386 N.W.2d 618, 627 (Mich. Ct. App. 1986)).  "An issue may
be actually litigated without a trial."  *Latimer*, 386 N.W.2d at 627.

The Michigan Supreme Court has stated that "[a] default judgment is just as
conclusive an adjudication and as binding upon the parties of whatever is essential
to support the judgment as one which has been rendered following answer and
contest."  *Barnes v. Jeudevine*, 718 N.W.2d 311, 315 (Mich. 2006).  The Sixth
Circuit's Bankruptcy Appellate Panel concurred, stating that the *Barnes* Court
shows that "the Michigan Supreme Court does not distinguish among judgments,
whether entered by default or otherwise, in applying the preclusive effect of the
collateral estoppel doctrine."  *Phillips*, 434 B.R.at 492.

Here, the parties disagree on element three of collateral estoppel.  Townsel
contends that embezzlement was not raised in Recon's state court complaint;
therefore, the issue of embezzlement was not "actually litigated" in that

7

proceeding.  (ECF No. 5 at Pg ID 319.)  Recon argues that embezzlement was actually litigated and necessarily determined in the default judgment.  (ECF No. 6 at Pg ID 334.)

Both parties rely on Judge Tucker's decisions in *McCallum v. Pixley* (*In re Pixley*), 504 B.R. 852 (Bankr. E.D. Mich. 2014).  In *In re Pixley*, the plaintiff obtained a default judgment against the defendant.  *Id.* at 855.  The defendant "did not defend or participate in any way in the state court action, and never appealed or sought relief in the state court from the default judgment."  *Id.*  Eighteen months later, defendant filed his Chapter 7 bankruptcy petition.  At the conclusion of a bench trial, the *In re Pixley* Court determined that defendant's entire judgment debt, including the default judgment, was nondischargeable under 11 U.S.C. § 523(a)(6).

In making its determination, the *In re Pixley* Court looks to Michigan law to determine how an issue is "actually litigated."  In *In re Pixley*, the default judgment granted judgment against the defendant on every count listed in the complaint, including a claim for fraud under Michigan law.  *In re Pixley*, 504 B.R. at 864.  In his summary judgment decision, Judge Tucker found that plaintiff's state court complaint failed to allege one of the elements of fraud—reasonable reliance.  *McCallum v. Pixley* (In re Pixley), 456 B.R. 770, 784 (Bankr. E.D. Mich. 2011).  Because reasonable reliance was not expressly or impliedly alleged, Judge

Tucker found that a necessary element for fraud was not "actually litigated" and therefore, denied plaintiff's request for collateral estoppel. *Id.* at 785. Here, Townsel argues that Judge Tucker failed to engage in a similar analysis of the meaning "embezzlement." Townsel contends that Recon's complaint is insufficient because it does not state "any allegations that Recon entrusted its property to Mr. Townsel or that Mr. Townsel appropriated Recon's property." (ECF No. 7 at Pg ID 344.) In other words, the definition of embezzlement is not included in Recon's state court complaint. Townsel states that it is unclear what the basis for the default judgment was, and therefore, the issue of embezzlement could not have been "actually litigated" by the state court. (*Id.*)

The Court disagrees. In *In re Pixley*, the default judgment entered against defendant included the count for fraud for the first time. *In re Pixley*, 456 B.R. at 774. Unlike this matter, there was no prior proceeding where a state court found the elements of fraud established against the defendant in *In re Pixley*. Therefore, the plaintiff in *In re Pixley* could not incorporate by reference a prior state court opinion establishing the elements of fraud in their complaint for default judgment.

Here, as Judge Tucker noted, Recon incorporated by reference the elements of embezzlement by reference to Townsel's state court conviction. (ECF No. 3 at Pg ID 198.) Next, Judge Tucker engaged in a thorough analysis where he determined that the definition of embezzlement in Townsel's state court conviction

9

was the same as the definition of embezzlement under the relevant provision of the bankruptcy code.  (*Id.* at Pg ID 300.)  Therefore, Recon sufficiently pled embezzlement in their complaint.

## IV.   Conclusion

In short, the Court holds that the bankruptcy court did not err in concluding that Townsel is precluded from re-litigating the underlying issues determined by the default judgment.

Accordingly,

**IT IS ORDERED**, that the bankruptcy court's March 9, 2016 decision is **AFFIRMED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 27, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 27, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

10